IN THE UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY,<br><br>*Petitioner*,<br><br>v.<br><br>U.S. ENVIRONMENTAL PROTECTION AGENCY, et al.,<br><br>*Respondents*. | Case No. 23-9503 |

**MOTION TO AMEND OPINION AND STAY MANDATE DURING CONSIDERATION OF THIS MOTION**

Respondents respectfully move the Court to amend its memorandum opinion, issued on April 28, 2025, to correct the source of law and cited case law applicable to the claim forfeiture issue in this petition, and to stay issuance of the mandate pending consideration of this motion. Federal common law forfeiture doctrine applies here, not 42 U.S.C. § 7607(d)(7)(B). As explained below, Respondents request that the Court amend its opinion to correct this error. This correction would not alter the Court's conclusions or judgment. This correction is necessary to avoid adding further confusion as to the applicability of Section 7607(d) to certain Clean Air Act actions. Respondents bring this motion under the Court's inherent authority to amend its opinions before a mandate issues. *See Vining on Behalf of Vining v. Enter. Fin. Grp., Inc.*, 148 F.3d 1206, 1209 (10th Cir.

1998) (vacating judgment and issuing amended opinion sua sponte); *United States v. Fawbush*, 634 F.3d 420, 420 (8th Cir. 2011) (issuing amended opinion sua sponte); *Ford v. Att'y Gen. United States*, No. 21-1729, 2022 WL 6685040, at *1 (3d Cir. Oct. 11, 2022) (granting motion to amend opinion before mandate). The Center for Biological Diversity (the "Center") and the State of Colorado take no position on this motion.

In the opinion, the Court rejected Respondents' argument that the Center forfeited its challenge to EPA's approval of Colorado's Clean Air Act state implementation plan revision to the definition "commencement of operation." Slip Op. at 11-14, Doc. No. 116-1, *Ctr. for Biological Diversity v. EPA*, No. 23-9503, (10th Cir. Apr. 28, 2025). The Court "consider[ed] whether the Center made the objection with 'reasonable specificity'" and cited 42 U.S.C. § 7607(d)(7)(B) as providing the applicable standard. *Id.* at 11. The Court also cited *National Petrochemical & Refiners Association v. EPA*, 287 F.3d 1130 (D.C. Cir. 2002), which interpreted and applied Section 7607(d)(7)(B)'s "reasonable specificity" standard. *Id.* at 13. But Section 7607(d)'s requirement applies only to certain other EPA Clean Air Act rulemakings. 42 U.S.C. § 7607(d); *Ariz. Pub. Serv. Co. v. EPA*, 562 F.3d 1116, 1122 n.4 (10th Cir. 2009) (explaining application of Section 7607(d) and citing relevant cases). It does not apply to EPA action on state implementation plans submitted under Section 7410. *See* 42 U.S.C.

§ 7607(d)(1) (specifying actions subject to Section 7607(d)); *WildEarth Guardians v. EPA*, 770 F.3d 919, 927 (10th Cir. 2014) (applying Administrative Procedure Act standard of review to challenge to EPA's action on Clean Air Act state implementation plan—not Section 7607(d)(9)); *Texas v. EPA*, 132 F.4th 808, 839 n.224 (5th Cir. 2025) (explaining that Section 7607(d) does not apply to EPA action on state implementation plans). Thus, Section 7607(d)(7)(B) does not apply to review of EPA's approval of Colorado's revision to the definition of "commencement of operation" in Colorado's state implementation plan.

Respondents' argument that the Center forfeited this claim was based on federal common law forfeiture doctrine and cited Tenth Circuit authorities applying this doctrine to federal actions. Respondents' Brief, No. 23-9503, Doc. No. 010111029705, at 21 (citing applicable cases). Respondents recognize that applying federal common law forfeiture doctrine here will not change the Court's conclusion on the forfeiture issue because the doctrine is substantially similar to the "reasonable specificity" standard at Section 7607(d)(7)(B). *See WildEarth Guardians*, 770 F.3d at 943 (applying federal common law standard); *Ariz. Pub. Serv. Co.*, 562 F.3d at 1127 (same); *Silverton Snowmobile Club v. U.S. Forest Serv.*, 433 F.3d 772, 783 (10th Cir. 2006) (same). And the Court cited case law that applied federal common law forfeiture doctrine as supporting its decision.

Slip Op. at 11, *Ctr. for Biological Diversity*, No. 23-9503 (citing *WildEarth Guardians*, 770 F.3d at 943).

However, Respondents request that the Court clarify that federal common law forfeiture doctrine applies because litigants are often confused about the applicability of Section 7607(d) to rulemakings and incorrectly believe it applies to EPA's review and action on Clean Air Act state implementation plans. In fact, the Center made this error in its reply brief in this petition. The Center argued that the Clean Air Act Section 7607(d)(7)(B) "reasonable specificity" standard applied to the forfeiture issue here. *See* Petitioner's Brief, No. 23-9503, Doc. No. 0101110066582, at 1. The Center also cited case law that properly applied Section 7607(d)(7)(B) in review of actions subject to Section 7607(d). *See, e.g.*, *id.* at 1-2 (citing *EPA v. EME Homer City Generation, L.P.*, 572 U.S. 489, 512 (2014); *HEAL Utah v. EPA*, 77 F.4th 1275, 1293 n.21 (10th Cir. 2023); *S. Coast Air Quality Mgmt. Dist. v. EPA*, 472 F.3d 882, 891 (D.C. Cir. 2006); *Nat'l Petrochemical & Refiners Ass'n v. EPA*, 287 F.3d 1130, 1139 (D.C. Cir. 2002)). Since the Center erroneously invoked Section 7607(b)(7)(B) in its reply, Respondents were not able to brief this issue. Counsel for Respondents, however, addressed the error in detail at oral argument. *See* December 13, 2024, Oral Argument Recording at 32:54-34:03, No. 23-9503.

4

Further, courts have already mistakenly invoked Section 7607(d)(7)(B) to review forfeiture issues in Clean Air Act actions not subject to Section 7607(d). *See, e.g.*, *Bahr v. Regan*, 6 F.4th 1059, 1070 (9th Cir. 2021) (noting APA standard of review but invoking Section 7607(d)(7)(B) for exhaustion issue in review of Clean Air Act national ambient air quality standard attainment determination not subject to Section 7607(d)). This Court's opinion invoking Section 7607(d)(7)(B) here—if left uncorrected—will add to the confusion.

Therefore, Respondents respectfully request that the Court amend the opinion in this case to correct the source of law applicable to the forfeiture issue to the federal common law forfeiture doctrine. Respondents request that the Court replace citation to 42 U.S.C. § 7607(d)(7)(B) on page 11 of the slip opinion, Slip Op. at 11, *Ctr. for Biological Diversity*, No. 23-9503, with citation to *Ariz. Pub. Serv. Co. v. EPA*, 562 F.3d 1116, 1127 (10th Cir. 2009), or another case applying federal common law forfeiture doctrine that the Court deems appropriate. Respondents further request that the Court edit the sentence below on page 13 of the slip opinion:

> The D.C. Court of Appeals addressed a similar issue in *National Petrochemical & Refiners Association v. EPA*, 287 F.3d 1130 (D.C. Cir. 2002) (per curiam).

Slip Op. at 13, *Ctr. for Biological Diversity*, No. 23-9503. Respondents request the Court revise the text as follows, or as the Court deems appropriate, to avoid confusion concerning the applicable standard:

> The D.C. Court of Appeals addressed a similar issue in *National Petrochemical & Refiners Association v. EPA*, 287 F.3d 1130 (D.C. Cir. 2002) (per curiam), a case applying a statutory requirement at 42 U.S.C. § 7607(d)(7)(B) that provides for judicial review only for issues "raised with EPA with reasonable specificity" for Clean Air Act actions subject to the requirements of 42 U.S.C. § 7607(d).

The Court's remaining citations in the forfeiture section of the opinion are not to cases reviewing Section 7607(d) actions and therefore do not need revision or clarification. Finally, Respondents also request that the Court stay the mandate in this case until the Court can amend the opinion.

                                  Respectfully submitted,

                                  ADAM R.F. GUSTAFSON
                                  *Acting Assistant Attorney General*

Dated: June 12, 2025            */s/ David Mitchell*
                                  DAVID D. MITCHELL
                                  Environmental Defense Section
                                  Environment & Natural Resources Div.
                                  U.S. Department of Justice
                                  P.O. Box 7611
                                  Washington, D.C. 20044
                                  (202) 514-0165
                                  david.mitchell@usdoj.gov

## CERTIFICATES OF COMPLIANCE AND SERVICE

Under Federal Rule of Appellate Procedure 32(g), I certify that this motion complies with the requirements of Rule 27(d)(1) because it has been prepared in a proportionally spaced, 14-point font, and that it complies with the type-volume limitation of Rule 27(d)(2)(A), because it contains 1180 words, according to the count of Microsoft Word.

I certify that on June 12, 2025, a copy of the foregoing document was served electronically through the Court's CM/ECF system on all registered counsel.

Dated: June 12, 2025                           /s/ *David Mitchell*
                                                                         DAVID D. MITCHELL